**RSF** **REINHARDT SAVIC FOLEY**

**Stefan Savic**
Partner

P:   +1.646.357.3238
F:   +1.646.776.5743
E:   ssavic@rsf-llp.com

**Reinhardt Savic Foley LLP**
**New York**
Wall Street Plaza
88 Pine Street, 5th Floor
New York, New York 10005
www.rsf-llp.com

May 20, 2026

**VIA ECF**
Hon. Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007

Re: *Cardinal Motors Inc. v. H&H Sports Protection USA Inc.*
Case No.: **1:20-CV-7899-GHW**

Dear Judge Woods:

Our firm, together with Lewis Kohn & Walker LLP, represents Defendant H&H Sports Protection USA, Inc. ("H&H"). While motions to exclude expert testimony are not among the motions enumerated in Rule 2(E) of Your Honor's Individual Practices as requiring pre-motion submissions, we respectfully submits this brief response to address the timeliness arguments raised in the pre-motion conference letter filed by Plaintiff Cardinal Motors Inc. ("Cardinal") concerning H&H's expert disclosures.

Cardinal's timeliness argument is contrary to the plain language of the Court's scheduling order. The operative Case Management Plan distinguishes between "party-proponent" expert disclosures and "party-opponent" expert disclosures. (Case Management Plan, Doc. No. 89, ¶ 8(c).) Specifically, the schedule, as amended on January 20, 2026, required party-proponent to disclose experts by February 26, 2026, while the party-opponent of such claim was required to disclose experts by April 2, 2026. (Endorsed Stipulation and Order to Extend Discovery and Reset Certain Remaining Deadlines, Doc. No. 93.) Cardinal, as plaintiff, bears the burden on its Lanham Act and related unfair competition claims, including protectability, secondary meaning, likelihood of confusion, and damages. H&H's April 2, 2026, expert disclosures were served in opposition to those claims and therefore complied with the Court's scheduling order.

Cardinal's interpretation also cannot be reconciled with the structure of the Court's expert-discovery schedule. The Case Management Plan expressly established separate deadlines for "party-proponent" and "party-opponent" expert disclosures, followed by a separate expert

discovery period through May 1, 2026. Under Cardinal's interpretation, the April 2, 2026, deadline for "party-opponent" disclosures would have no operative meaning at all. Indeed, Cardinal itself now requests additional time to prepare responsive expert reports and depose H&H's experts, which is precisely the type of rebuttal expert discovery contemplated by the Court's phased expert schedule.

The remainder of Cardinal's submission consists of premature and highly fact-intensive challenges to the substance of H&H's expert opinions under Rule 702. H&H respectfully submits that those issues are more appropriately addressed through ordinary motion practice. Per Rule 3(F) of Your Honor's Individual Practices, Cardinal's motion to exclude testimony of experts is due by June 1, 2026, which is the current deadlines for summary judgment motions.

Respectfully submitted,

Stefan Savic

cc:    Counsel of Record (via ECF)

2